**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **NO. 5:21-CR-00131-REW-MAS** |
| **BRANDON J. FRANCIS,** | ) | |
| **Defendant.** | ) | |

# AMENDED REPORT AND RECOMMENDATION

The Court, on referral from the District Court, reviews reported violations of supervised release conditions by Defendant Brandon J. Francis. Considering the record and proffer, the Court recommends that the District Court find Francis guilty of all violations, revoke Francis's term of supervised release, and sentence him to time served with 12 months of supervised release to follow.[1]

## I. CASE BACKGROUND

On March 9, 2023, Francis pleaded guilty to possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). [DE 20]. On March 9, 2023, District Judge Danny Reeves sentenced Francis to thirty-three months'

[1] The Court issues this Amended Report and Recommendation to reflect the stipulation to Violations 3 and 4; however, the Court's recommended sentence of time served and 12 months reimposed term of supervision remains the same.

imprisonment, to be followed by three years of supervised release. [DE 30]. Francis was released from custody and began serving his supervised release term on April 26, 2024.

## II. SUPERVISED RELEASE HISTORY

### A. INSTANT VIOLATIONS

On January 14, 2026, Francis reported to the United States Probation Office and submitted a urine specimen that tested positive for methamphetamine and Buprenorphine. [Supervised Release Violation Report ("Report") at 1-2]. Though Francis stated he had a prescription for Buprenorphine, it appears he had not filled the prescription in over nine months at the time of the positive test, and therefore, at a minimum, was not taking the prescription as prescribed. Francis eventually acknowledged use of methamphetamine. [Report at 2].

On February 9, 2026, Francis again submitted to a urinalysis that was positive for methamphetamine and Buprenorphine. [Report at 1-2]. Francis admitted to taking a dose of his wife's Buprenorphine. [Report at 2]. Francis denied ingesting methamphetamine, but a laboratory confirmed the instant test results.

This conduct resulted in violation of the condition that he refrain from the unlawful use of a controlled substance (Violation 1, a Grade C violation), and that he not commit another federal, state, or local crime. In the Sixth Circuit, use is the equivalent of possession, and illegal possession of methamphetamine and/or Buprenorphine constitutes a violation of 21 U.S.C. § 844(a) (Violation 2). Violation 2 is a Grade B violation.

## B. PROCEDURAL SUMMARY

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on August 6, 2026. [DE 36]. The Court advised Francis of his constitutional rights, including his right to a preliminary hearing pursuant to Rule 32.1(b)(1)(A). [DE 36]. Francis knowingly, voluntarily, and intelligently waived his right to a preliminary hearing; the Court found probable cause that the allegations in the violation report were true. [DE 36]. The United States moved for interim detention, and Francis requested to be released. The Court ordered Francis's release be contingent on a drug test. Upon receiving the results that Francis tested positive for amphetamines, Buprenorphine, and MDMA, the Court ordered Francis detained pending the final hearing. [DE 36]. The positive drug screen also became the basis of the Supervised Release Violation Report Addendum, setting forth Violation 3 for unlawful use of a controlled substance, a Grade C violation, and Violation 4 for unlawful possession of a controlled substance and violation of a state, federal, or local law, a Grade B violation.

On August 10, 2026, the Court conducted an initial appearance on Violations 3 and 4. Francis waived his right to a preliminary hearing and stipulated to probable cause. The Court proceeded to the final hearing on all three violations. The Court found Francis to be competent to enter a knowing, voluntary, and intelligent stipulation to all of the violations. [DE 39]. For purposes of the Rule 32.1 proceedings, Francis admitted the factual bases for those violations. [DE 39]. Accordingly, the Court found that the United States established the reported violations as reflected pursuant to 18 U.S.C. § 3583(e).

"Where there is more than one violation of the conditions of supervised release, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Guidelines ("USSG") § 7C1.1(b). The most serious violations were Violations 2 and 4, both Grade B violations.

Francis's criminal history at the time of his original conviction was a Category III. The original offense of conviction was a Class C felony. Upon revocation, the statutory maximum term of imprisonment is two years. 18 U.S.C. § 3585(e)(3). Pursuant to USSG § 7C1.5, the recommended Guidelines term of imprisonment is 8 to 14 months. The Court may reimpose a term of supervised release of not more than three years less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

## III. ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Francis's violations, the Presentence Investigation Report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e). Considering the incorporated § 3553(a) factors, revocation is warranted to reflect the circumstances surrounding the instant violations and Francis's original offense, to adequately deter Francis from future criminality, and to protect the public from any such future crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C).

In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a) as incorporated in § 3583(e), as well as the

applicable Guidelines range. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). The Guidelines "encourage[ ] courts—where possible—to consider a wide array of option to respond to non-compliant behavior and violations of the conditions of supervised release." *See* USSG § 7, Pt. C. intro. comment.

Where revocation is necessary, "the sentence imposed upon revocation should be tailored to address the failure to abide by the conditions of the court-ordered supervision[.]" *Id*. In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a) as incorporated in 3583(e), as well as the applicable Guidelines range. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Francis's original offense of conviction, felon in possession of firearm, originated from a chance encounter with law enforcement where he was found in possession of a modified shotgun. [Presentence Investigation Report at 3]. The conviction carried a possible penalty of 30 to 37 months, with supervision to follow of not more than three years. He has previously been convicted of drug possession, possession of a forged instrument, driving under the influence, and a violation of a domestic violence order, among other convictions. [Presentence Investigation Report at 5-11]. Judge Reeves sentenced Francis to thirty-three months, the middle of the Guidelines imprisonment range, with three years of supervision to follow, the top end of the statutory range. [DE 30].

Upon Francis's release from prison, he remained on supervision for nearly two years before incurring a violation. According to his proffer at the final hearing, which the United States does not dispute, Francis used that time to obtain steady

employment, get married, and purchase a home. Francis has been working as a mason and recently opened his own masonry business. He has reconnected with his parents, is working to obtain visitation with his children, and has been making child support payments. By all accounts, aside from the apparent drug relapse, Francis has been making positive strides towards rebuilding his life.

Francis asked that the Court place him back on supervision with outpatient substance use treatment at the discretion of the USPO. The United States agreed that outpatient substance use treatment was appropriate but requested "some consequence" beyond simply placing Francis back on supervision. The United States requested more structure from the USPO but left the ultimate consequence to the Court's discretion.

This is a mandatory revocation case. *See* 18 U.S.C. § 3583(g)(1) ("if the defendant (1) possesses a controlled substance in violation of the condition set forth in subsection (d) . . . the court shall revoke the term of supervised release[.]"). Upon conducting an individualized assessment of Francis's history, original conviction, his two years' of positive progress on supervised release, and his Guidelines range of 8 to 14 months, as well as the need to deter future criminal conduct, protect the public from future criminal conduct, and provide him with substance use treatment he needs, the Court will recommend the District Court revoke Francis's supervised release and sentence him to time served. 18 U.S.C. § 3553(a) ad USSG § 7C1.5 The Court further recommends the District Court reimpose a term of supervised release of 12 months. To address Francis's substance use, and because he expressed a desire

to participate in a drug treatment program, the Court recommends the District Court direct USPO to have Francis evaluated and placed into an outpatient substance use treatment program at its discretion. To provide Francis addition accountability, the Court recommends Francis's supervised release conditions be modified to require drug testing at least every other week by either USPO or a substance use treatment program that reports those results to USPO. The Court finds that this recommended sentence is sufficient but not greater than necessary to achieve the purposes set forth in 18 U.S.C. 3583, 18 U.S.C. 3553 as incorporated into § 3583, and the USSG.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

(1) Francis be found guilty of Violations 1, 2, 3, and 4;

(2) Francis's current term of supervised release be **REVOKED**;

(3) Francis be sentenced to an incarceration period of **TIME SERVED**;

(4) Francis serve a reimposed **12-month term** of supervised release to follow, subject to the following terms: outpatient substance abuse treatment at the discretion of USPO and drug testing at least every other week by USPO or a drug treatment facility that reports the results to USPO.

Francis preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Wier's docket for an allocution hearing upon submission.

*Right to Object*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 19th of August, 2026.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY