UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:21-CR-131-REW-MAS |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON J. FRANCIS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting a final hearing, *see* DE 39 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned: (1) adjudge Defendant Francis guilty of Violation 1 and Violation 2 of the Supervised Release Violation Report and of Violation 3 and Violation 4 of the Supervised Release Violation Report Addendum; (2) revoke Defendant Francis's supervised release; (3) impose a time-served sentence; and (4) reimpose a one-year term of supervised release with two added terms—outpatient substance abuse treatment at the discretion of USPO and drug testing at least every other week by USPO or a drug treatment facility that reports the results to USPO. *See* DE 42 (Amended Recommendation) at 7. Judge Stinnett expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See id.* at 8. Rather than object, Defendant filed a waiver of his right of allocution, stating that neither he nor the United States objected to the recommendation. *See* DE 43 (Waiver).

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019)

(noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Although the Court previously signaled its intent to adopt Judge Stinnett's recommendation, it stressed that it would "require active drug treatment for the entire year of supervision unless USPO and the treatment provider determine that further treatment is not of benefit or needed." *See* DE 44. Defendant Francis does not object to that added term and he does not request a hearing. *See* DE 45. The Court thus, with no objection from any party and on full review of the record, ORDERS as follows:

1. The Court ADOPTS DE 42, as modified;
   a. The Court adjudges Defendant Francis guilty of Violation 1 and Violation 2 of the Supervised Release Violation Report and of Violation 3 and Violation 4 of the Supervised Release Violation Report Addendum;
   b. The Court revokes Defendant Francis's supervised release;
   c. The Court imposes a time-served sentence;
   d. The Court reimposes a one-year term of supervised release on the same supervision terms previously in effect, but requires active drug treatment for the entire year of supervision unless USPO and the treatment provider determine that further treatment is not of benefit or needed, along with drug testing at least

every other week by USPO or a drug treatment facility that reports the results to USPO; and

2. The Court will issue a separate Judgment.

This the 22nd day of August, 2026.

**Signed By:**
***Robert E. Wier***
**United States District Judge**