**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 5:21-CR-00131-REW-MAS** |
| | ) | |
| **BRANDON J. FRANCIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

The Court, on referral from the District Court, reviews reported violations of supervised release conditions by Defendant Brandon J. Francis. Considering the record and proffer, the Court recommends that the District Court find Francis guilty of all violations, revoke Francis's term of supervised release, and sentence him to three months' incarceration with 12 months of supervised release to follow.

## I. CASE BACKGROUND

On March 9, 2023, Francis pleaded guilty to possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). [DE 20]. On March 9, 2023, District Judge Danny Reeves sentenced Francis to thirty-three months' imprisonment, to be followed by three years of supervised release. [DE 30]. Francis was released from custody and began serving his supervised release term on April 26, 2024.

## II. SUPERVISED RELEASE HISTORY

### A. PRIOR VIOLATIONS

On January 14, 2026, Francis reported to the United States Probation Office and submitted a urine specimen that tested positive for methamphetamine and Buprenorphine. On February 9, 2026, Francis again submitted to a urinalysis that was positive for methamphetamine and Buprenorphine.

The Court conducted an initial appearance on these supervised release violations on August 6, 2026. [DE 36]. The United States moved for interim detention, and Francis requested to be released. The Court ordered Francis's release be contingent on a drug test. Upon receiving the results that Francis tested positive for amphetamines, Buprenorphine, and MDMA, the Court ordered Francis detained pending the final hearing. [DE 36]. The positive drug screen also became the basis of the Supervised Release Violation Report Addendum.

On August 10, 2026, the Court conducted a final hearing on all violations. Francis stipulated all violations. [DE 39]. For the reasons stated in the Court's prior Amended Report and Recommendation, and as adopted by Judge Wier, the Court imposed a revocation sentence of time served and imposed a new term of supervision of 12 months. [DE 42 and 46]. The new term of supervision carried the additional term of substance use disorder treatment.

### B. INSTANT VIOLATIONS

On September 10, 2026, only one month after his final hearing on the previous violations, Francis provided a urine sample to USPO that tested positive for methamphetamine on an instant test. Later laboratory testing confirmed the same.

[September Supervised Release Violation Report at Page 2]. This was a violation of Francis's condition that he refrain from the unlawful use of a controlled substance [Violation 1] and that he not unlawfully possess a controlled substance or commit another federal, state, or local crime [Violation 2]. In the Sixth Circuit, use is the equivalent of possession, therefore a positive drug screen is a violation of 21 U.S.C. § 844(a), simple possession of methamphetamine. Violation 1 is a Grade C violation; Violation 2 is a Grade B violation.

"Where there is more than one violation of the conditions of supervised release, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Guidelines ("USSG") § 7C1.1(b). The most serious violation was Violation 2, a Grade B violation.

Francis's criminal history at the time of his original conviction was a Category III. The original offense of conviction was a Class C felony. Upon revocation, the statutory maximum term of imprisonment is two years. 18 U.S.C. § 3585(e)(3). Pursuant to USSG § 7C1.5, the recommended Guidelines term of imprisonment is 8 to 14 months. The Court may reimpose a term of supervised release of not more than three years less any term of imprisonment imposed upon revocation; in this instance, that limits the amount of supervision that may be reimposed to two years and 336 days due to Francis's prior revocation. 18 U.S.C. § 3583(h).

## III. ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Francis's violations, the Presentence Investigation Report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e). Considering the incorporated § 3553(a) factors, revocation is warranted to reflect the circumstances surrounding the instant violations and Francis's original offense, to adequately deter Francis from future criminality, and to protect the public from any such future crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C).

The Guidelines "encourage[ ] courts—where possible—to consider a wide array of option to respond to non-compliant behavior and violations of the conditions of supervised release." *See* USSG § 7, Pt. C. intro. comment. Where revocation is necessary, "the sentence imposed upon revocation should be tailored to address the failure to abide by the conditions of the court-ordered supervision[.]" *Id.* In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a) as incorporated in 3583(e), as well as the applicable Guidelines range. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Francis's original offense of conviction, felon in possession of firearm, originated from a chance encounter with law enforcement where he was found in possession of a modified shotgun. [Presentence Investigation Report at 3]. The conviction carried a possible penalty of 30 to 37 months, with supervision to follow of not more than three years. He has previously been convicted of drug possession, possession of a forged instrument, driving under the influence, and a violation of a

domestic violence order, among other convictions. [Presentence Investigation Report at 5-11]. Judge Reeves sentenced Francis to thirty-three months, the middle of the Guidelines imprisonment range, with three years of supervision to follow, the top end of the statutory range. [DE 30].

Upon Francis's release from prison, he remained on supervision for nearly two years before incurring a violation. As the Court noted in its prior Report and Recommendation, Francis used that time to obtain steady employment, get married, purchase a home, and open his own masonry business. Until his drug relapse in August 2026, Francis has been making positive strides towards rebuilding his life.

Francis asked that the Court place him back on supervision with outpatient or inpatient substance use treatment. Francis argued that the treatment he began in August 2026 was not sufficient to prevent or deter additional substance use. After his September 10, 2026, positive drug screen, Francis signed up for a supplemental drug treatment program on his own and at his own expense that benefitted him. Francis allocuted that he needs additional structure in his treatment and counseling journey, citing the success he had during his first two years on release with attending regular counseling classes and Alcoholics/Narcotics Anonymous meetings. Francis asked that he be allowed to pursue treatment again in lieu of incarceration.

As it did in August, the United States once again agreed that substance use is contributing to Francis's difficulty in complying with the terms of his supervision, but once again requested "some consequence" beyond simply placing Francis back on supervision. The United States stressed that the Court gave Francis "a break" only

one month ago by providing the opportunity for him to attend treatment, and that he unfortunately tested positive for methamphetamine use once again.

This time, the Court agrees with the United States. This is a mandatory revocation case. *See* 18 U.S.C. § 3583(g)(1) ("if the defendant (1) possesses a controlled substance in violation of the condition set forth in subsection (d) . . . the court shall revoke the term of supervised release[.]"). Upon conducting an individualized assessment of Francis's history, original conviction, his two years' of positive progress on supervised release, and his Guidelines range of 8 to 14 months, as well as the need to deter future criminal conduct, protect the public from future criminal conduct, and provide him with substance use treatment he needs, the Court recommends the District Court revoke Francis's supervised release and sentence him to three months' incarceration. 18 U.S.C. § 3553(a) and USSG § 7C1.5. Francis's near-immediate use of methamphetamine after his revocation, during the time he was supposedly attending substance use disorder treatment, indicates the Court must take serious action to at this juncture.

The Court further recommends the District Court reimpose a term of supervised release of 12 months. To address Francis's substance use, and because he expressed a desire to participate in a drug treatment program, the Court recommends the District Court direct USPO to have Francis evaluated and placed into an outpatient substance use treatment program at its discretion upon his release. The treatment provider shall determine the appropriate frequency and duration of treatment based on the clinical evaluation. To provide Francis addition

accountability, the Court recommends Francis's supervised release conditions be modified to require drug testing at least every other week by either USPO or a substance use treatment program that reports those results to USPO. These are the same recommendations the Court made in its August 19, 2026, Report and Recommendation. Because Francis served less than a month of his new term of supervision before incurring a new violation, the Court finds it appropriate to restart a 12-month term of supervision. The Court's hope is that a year of supervision with some period of drug treatment as outlined by USPO will provide Francis with the structure and stability he requires to continue on the positive path he was walking prior to his most recent relapse.

The Court finds that this recommended sentence is sufficient but not greater than necessary to achieve the purposes set forth in 18 U.S.C. 3583, 18 U.S.C. 3553 as incorporated into § 3583, and the USSG.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

(1) Francis be found guilty of Violations 1 and 2;

(2) Francis's current term of supervised release be **REVOKED**;

(3) Francis be sentenced to an incarceration period of **THREE MONTHS**;

(4) Francis serve a reimposed **12-month term** of supervised release to follow, subject to the following terms: outpatient substance abuse treatment at the discretion of USPO and drug testing at least every other week by USPO or a drug treatment facility that reports the results to USPO. The frequency and duration of the

substance abuse treatment shall be at the discretion of the treatment provider after an evaluation of Francis.

Francis preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Wier's docket for an allocution hearing upon submission.

*Right to Object*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 26th of October, 2026.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY