UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 5:21-CR-131-REW-MAS |
| v. | ) | |
| | ) | |
| BRANDON J. FRANCIS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

After conducting a final hearing, *see* DE 54 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned: (1) adjudge Defendant Francis guilty of Violation 1 and Violation 2 of the Supervised Release Violation Report; (2) revoke Defendant Francis's supervised release; (3) impose an incarceration term of three months; and (4) reimpose a one-year term of supervised release. *See* DE 55 (Recommendation) at 7. Judge Stinnett expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See id.* at 8. Defendant filed a waiver of his right of allocution and stated that he did not object to the recommendation. *See* DE 56 (Notice of Waiver); DE 56-1 (Waiver). The United States filed a notice stating the same. *See* DE 57 (Notice).

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right

to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court notes Judge Stinnett's careful parsing of Francis's status. Thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 55;
   a. The Court adjudges Defendant Francis guilty of Violation 1 and Violation 2 of the Supervised Release Violation Report;
   b. The Court revokes Defendant Francis's supervised release;
   c. The Court imposes a term of federal imprisonment of three months;
   d. The Court reimposes a one-year term of supervised release, commencing at the end of the revocation sentence, on the conditions previously in effect upon the existing conditions of DE 47 (Revocation Judgment), and incorporating Judge Stinnett's suggested granular notes; and
2. The Court will issue a separate Judgment.

This the 10th day of November, 2026.

**Signed By:**
***Robert E. Wier***
**United States District Judge**